**E-FILED**
Wednesday, 22 November, 2006 03:02:03 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| QIYU LIANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-1244 |
| | ) | |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>O R D E R</u>**

This matter is now before the Court on a Motion to Dismiss by Defendants. For the reasons set forth below, Defendants' Motion to Dismiss [#3] is GRANTED.

**<u>BACKGROUND</u>**

Plaintiff, Qiyu Liang ("Liang"), filed an application for permanent resident status with the United States Immigration and Naturalization Service. When the process did not move as quickly as he expected, Liang brought this lawsuit seeking to compel Defendants to approve his application. Defendants have now moved to dismiss the Complaint. Plaintiff has failed to file any response to the Motion, and this Order follows.

**<u>DISCUSSION</u>**

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See* <u>Conley v. Gibson</u>, 355 U.S. 41 (1957); <u>Gould v. Artisoft, Inc.</u>, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

On October 24, 2006, Defendants filed their Motion to Dismiss, arguing that Liang's cause of action is moot by virtue of the fact that his application for permanent residence was approved on October 23, 2006, providing him with precisely what he sought to compel in this lawsuit. Liang's response was due on November 7, 2006. Given his pro se status, the Court sent him a letter notifying him of his obligation to respond to the pending Motion to Dismiss and warning that failure to respond would result in the motion being granted and the case being terminated without a trial.

To date, this deadline has long since passed, and Liang has made no attempt to file a response to the Motion or request an extension of time in which to do so. As Liang has been duly warned of the consequences of his failure to file a timely response, the Court deems the Motion to Dismiss unopposed pursuant to Local Rule 7.1(B) and now finds that the Motion will be granted. Liang's Complaint is therefore dismissed with prejudice for failure to prosecute, as well as because the relief sought has been obtained through the administrative process.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss [#3] is GRANTED. This matter is now DISMISSED WITH PREJUDICE for failure to prosecute and as moot.

ENTERED this 21st day of November, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge